It KUHN, J.,
concurring in part.
I write separately simply to underscore that the State’s task of amending its petition to state a claim under La. C.C.P. art. 934 in a case such as this is a very difficult — if not insurmountable — one.
It is clear that a mother may seek to establish the paternity of an alleged biological father despite the fact that another man has acknowledged his paternal relationship with the child. See e.g., Yoland F.B. v. Robert D.R., 2000-958, p. 3 (La.App. 3d Cir.12/6/00), 775 So.2d 1107, 1109. Obviously, the mother’s interest in protecting the potential rights of her child, such as inheritance rights, is in the best interest of the child and, therefore, warrants such an action. But it appears that the only interest the State has in disrupting the already-established relationship between this child and the only man she knows to be her father is its pecuniary concern of finding an additional source from which to collect revenue.
| sin this case, paternity has already been established. Unless the mother or the child desires to question the validity of that paternity, permitting the State to come back into court and seek revenue from another individual overlooks the familial relationship and potentially permits disruption of developing bonds between a daughter and her father. This surely cannot be in the best interest of the child.